IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES

v.                               4:06-CR-00299-01-WRW

MARKETUS LADARRAL LOWE

**ORDER**

Pending are Defendant's Motions to Proceed to Sentencing (Doc. Nos. 56, 62). The Prosecution has responded (Doc. No. 58). For the reasons set out below, Defendant's Motion is GRANTED.

**I. BACKGROUND**

Defendant was indicted in a three-count indictment on August 9, 2006.[1] Defendant pled guilty to Count Three of the Indictment, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e).[2] Defendant and the Prosecution entered into a written plea agreement, under which the Prosecution agreed to dismiss the remaining charges against Defendant upon his plea of guilty to Count Three.[3] After Defendant pled guilty, the Court granted the Prosecution's motion to dismiss the remaining counts of the Indictment.[4]

After the change of plea hearing, but before sentencing, the parties became aware that the certified public records, on which they had relied in classifying Defendant as an armed career

---

[1] Doc. No. 2.

[2] Doc. No. 53.

[3] Doc. No. 53, Ex. 1.

[4] Transcript, Plea Hearing, Dec. 13, 2007.

1

criminal, were wrong.[5] The correct records showed that Defendant had been convicted of only one qualifying offense under § 924(e), rather than three.[6] After discovering the certified records were wrong, Defendant sought to continue to sentencing and present evidence at the sentencing hearing that he was not an armed career criminal under 18 U.S.C. § 924(e).[7]

The Prosecution responded, pointing out that Defendant pled guilty to a violation of both 18 U.S.C. §§ 922(g)(1) and 924(e).[8] The Prosecution contends that plea agreements are contractual in nature; that there was no meeting of the minds because the parties relied on inaccurate information; and that the plea agreement should be set aside.[9] The Prosecution asserted that, because Defendant pled guilty to a violation of both sections, he should be sentenced accordingly.[10] I disagree.

## II. DISCUSSION

The Armed Career Criminal Act ("ACCA") provides a sentencing enhancement *if* a defendant convicted of a violation of 18 U.S.C. § 922(g) has been convicted of three violent felonies, serious drug crimes, or a combination of both.[11] The Eighth Circuit recognizes that a

---

[5] Doc. Nos. 56, 58.

[6] Doc. No. 56.

[7] Doc. Nos. 56, 62.

[8] Doc. No. 58.

[9] *Id.*

[10] *Id.*

[11] 18 U.S.C. § 924(e).

prior conviction is a sentencing factor for the court, not an element of the offense under 18 U.S.C. § 922(g).[12]

An enhancement under § 924(e) does not apply in this case, because Defendant was not convicted of three violent felonies or serious drug crimes as the parties initially believed. The issue is whether the inapplicability of this enhancement permits setting aside the plea agreement. It does not.

First, the substantive offense to which Defendant pled guilty was a violation of § 922(g) -- felon in possession of a firearm. There is nothing in the record to undermine the factual basis of Defendant's guilty plea to Count Three of the Indictment.

Second, the plea agreement inaccurately recites the elements of the crime. The plea agreement lists the elements as:

> a. The defendant has been previously convicted of three felonies that are either a violent felony or a serious drug offense; b. The offenses referred to above were committed on occasions different from one another; c. The defendant knowingly received or possessed a firearm; d. The firearm had been transported in interstate commerce.

The Eighth Circuit, however, does not consider a prior offense an element of 18 U.S.C. § 922(g), and § 924(e) is a sentencing enhancement, not a crime.

Third, in the plea agreement, the parties stipulate that Defendant had at least three prior felony convictions, each of which was a "violent crime" under § 924(e). The plea agreement, however, also provides that "[t]he parties understand that the Court is not bound by these stipulations" -- an especially important point in this case, I think.

Lastly, in connection with any sentence imposed by the Court, the plea agreement reads:

---

[12]*United States v. Abernathy*, 277 F.3d 1048, 1049 (8th Cir. 2002) (citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)). "This court has previously recognized that § 924(e) 'acts as a sentencing enhancement provision for individuals convicted of violating § 922(g).'" *Id*. at 1050 (quoting *United States v. Talley*, 16 F.3d 972, 974 n.2 (8th Cir. 1994)).

>The parties understand and agree that if the guideline range is greater or less that the defendant or the United States expected it to be, and/or the sentence imposed by the Court is greater or less than anticipated, neither the defendant nor the United States will be allowed to withdraw, nor request withdrawal of, the guilty plea, nor be excused from any obligation under this Agreement.

Defendant's guideline range and sentence will likely be less than either party anticipated, because the § 924(e) sentencing enhancement does not apply. However, the plea agreement took that possibility into account -- a guideline range or sentence that is different than expected is not usually a ground for either Defendant or the United States to be excused from the party's obligations under the plea agreement.

### III. CONCLUSION

Because accurate records show that Defendant was not convicted of three violent crimes; prior convictions are not an element of the offense to which Defendant pled guilty; the Court is not bound by the stipulations in the plea agreement; and because the parties agreed that they would not be excused from their obligations under the plea agreement if the guideline range or sentence turned out to be other than expected, Defendant's Motions to Proceed to Sentencing (Doc. Nos. 56, 62) are GRANTED. A modified presentence report should be prepared, accurately reflecting Defendant's history.

IT IS SO ORDERED this 13th day of May, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE