IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**UNITED STATES OF AMERICA**

v. 4:06-CR-00299-WRW

**MARKETUS LOWE**

**ORDER**

Pending is Defendant's Motion to Amend the Judgment (Doc. No. 69). The Prosecution has responded (Doc. No. 71). For the reasons set out below, the Motion is DENIED.

On May 28, 2008, Defendant was sentenced to 120 months in prison.[1] The minutes of the hearing reflect that the Court sentenced Defendant to 120 months "consecutive with current term of imprisonment."[2] The Judgment reads, in relevant part: "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 120 months to run consecutive to any state court sentence to be imposed."[3] Defendant asserts in his Motion that, based on his counsel's best recollection and according to the sentencing minutes, the Court sentenced Defendant to 120 months in prison with the recommendation that the 120 months be served "'consecutive with **current** term of imprisonment.'"[4] Defendant asks the Court to amend the Judgment to reflect what was announced by the Court during the sentencing hearing.

The Prosecution responded, quoting the transcript of the sentencing hearing.[5] The Prosecution maintains that the Judgment is consistent with the sentence announced by the Court. I agree.

---

[1] Doc. No. 67.

[2] *Id.*

[3] Doc. No. 68.

[4] Doc. No. 69 (quoting Doc. No. 67).

[5] Doc. No. 71.

As noted in Defendant's motion, "'where an oral sentence and the written judgment conflict, the oral sentence controls.'"[6] There is, however, no conflict between the Judgment and the sentence announced. The transcript of the sentencing hearing reads, in relevant part, "Mr. Lowe is committed to the custody of the Bureau of Prisons for a term of 120 months consecutive to any state sentence that may still be -- to be served."[7] The Judgment reads "[t]he defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 120 months to run consecutive to any state court sentence to be imposed."[8] The sentence announced clearly reflects a state sentence in the future tense; "may still be -- to be served" in no way indicates a current state sentence. This is consistent with Defendant's pre-sentence report, which showed that Defendant was not currently serving a state sentence, but was facing multiple state charges.[9]

The difference between the sentence as announced and as written is that at the hearing, the Court said "to be served," while the Judgment reads "to be imposed." Because Defendant was not currently serving a state sentence, but is facing state charges, both "to be served" and "to be imposed" indicate a future sentence. There is no conflict between the sentence as announced and as written in the Judgment. Accordingly, Defendant's Motion is DENIED.

IT IS SO ORDERED this 10th day of June, 2008.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE

---

[6] Doc. No. 69 (quoting *United States v. Foster*, 514 F.3d 821, 825 (8th Cir. 2008)).

[7] Doc. No. 70 - Sentencing Hearing Tr., 9:17-9:19, May 28, 2008.

[8] Doc. No. 68.

[9] Pre-sentence Report.